# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID C. HUGHES, II, | ) | Case No.: 19-71781 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| **************************************** | ) | |
| NANCY J. GARGULA, | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No.: _____ |
| | ) | |
| DAVID C. HUGHES, II, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE

NOW COMES, NANCY J. GARGULA, the United States Trustee for Region 10, by Mark D. Skaggs, her attorney, and for her Complaint objecting to Debtor's Discharge, states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 727.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Plaintiff consents to entry of a final order and judgment by the United States Bankruptcy Court for the Central District of Illinois.

3. Plaintiff, Nancy J. Gargula, (hereinafter referred to as the "U.S. Trustee"), is the duly appointed United States Trustee for the Central District of Illinois pursuant to 28 U.S.C. § 581(a)(10).

4. Pursuant to 28 U.S.C. § 586(a), the U.S. Trustee is charged by Congress with the

duty to monitor the administration of cases commenced under the United States Bankruptcy Code, 11 U.S.C. § 101, *et. seq*. (the "Code").

5. Pursuant to 11 U.S.C. §§ 307 and 727 of the Code, the U.S. Trustee has standing to bring this complaint.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

7. As of the date of the petition, DAVID C. HUGHES, II, (the "Defendant") resided at 2812 Pat Tillman Drive, Springfield, Illinois 62711, and, upon information and belief, the U.S. Trustee alleges the Defendant currently resides at the same address.

## Background

8. Defendant commenced this case on December 8, 2019, by filing a voluntary petition for relief under Chapter 13 of the Code.

9. On January 6, 2020, Defendant filed his Notice of Voluntary Conversion to Chapter 7 and the case was converted to a proceeding under Chapter 7 of the Code on January 7, 2020.

10. Thereafter, Andrew S. Erickson, was appointed as case trustee to administer Defendant's case.

## Schedule A/B and Statement of Financial Affairs

11. In addition to the Voluntary Petition for Bankruptcy, Defendant signed his *Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Document 30, Page 7 of 38), and, *Declaration About an Individual Debtor's Schedules* (Document 30, Page 30 of 38) under the penalty of perjury.

12. Official Bankruptcy Form Schedule A/B ("Schedule A/B") requires a debtor to disclose all ownership interests debtor has in real property and various categories of personal property.

13. Schedule A/B requires a debtor to disclose and value the following relevant items of personal property:

|   |   |   |   |
|---|---|---|---|
| A. | 6. | Household goods and furnishings; |
| B. | 7. | Electronics; |
| C. | 8. | Collectibles of value; |
| D. | 9. | Equipment for sports and hobbies; |
| E. | 10. | Firearms; |
| F. | 19. | Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture; and, |
| G. | 53. | Do you have other property of any kind you did not already list? |

14. Defendant, in his Schedule A/B, failed to disclose the full nature and extent of his personal property as more fully set forth below.

15. In response to the question #6 concerning "Household goods and furnishings," Defendant disclosed:

> 6. Household goods and furnishings
> Examples: Major appliances, furniture, linens, china, kitchenware
> ☐ No
> ■ Yes. Describe.....
>
> Misc. household goods and furnishings — $1,000.00

16. In response to the question #7 concerning "Electronics," Defendant disclosed:

> 7. Electronics
> Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
> ■ No
> ☐ Yes. Describe.....

17. In response to the question #8 concerning "Collectibles of value," Defendant disclosed:

> 8. Collectibles of value
> Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
> ■ No
> ☐ Yes. Describe.....

18. In response to the question #9 concerning "Equipment for sports and hobbies," Defendant disclosed:

10. **Firearms**
    Examples: Pistols, rifles, shotguns, ammunition, and related equipment
    ☐ No
    ■ Yes. Describe.....

    | Guns | $400.00 |
    |---|---|

19. In response to the question #19 concerning "Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture," Defendant disclosed:

19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture
    ☐ No
    ■ Yes. Give specific information about them....................

    | Name of entity: | % of ownership: | |
    |---|---|---|
    | ZUMERAL Inc. (software) - value is excluding 2812 Pat Tillman Dr. Springfield, IL | % | $0.00 |
    | New American Lending LLC | % | $0.00 |

20. In response to the question #53 concerning "Do you have other property of any kind you did not already list," Defendant disclosed:

53. Do you have other property of any kind you did not already list?
    Examples: Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

21. As depicted in the photographs contained in the attached Group Exhibit 1, Defendant actually owned, as of the date of the commencement of his bankruptcy case, personal property much more extensive than that which was disclosed by Defendant as set forth above in Paragraphs 15 through 20.

22. In addition to the personal property items depicted in Group Exhibit 1, Defendant actually owned as of the commencement of the case, 4 different guns with ammunition for each gun along with a gun safe to securely store the firearms and ammunition. Despite this ownership, Defendant did disclose the number of guns, the amount of ammunition or the gun safe.

23.     As of the commencement of the case, Defendant also had an ownership interest (100%) in an entity known as "Smart Firearms."   Defendant failed to disclose this interest.

24.     "Smart Firearms" is an idea or concept for which Defendant, at the time of or just after commencement of this bankruptcy case, began the process of seeking a patent or other similar property protection.  Despite these efforts, Defendant failed to disclose his interest in "Smart Firearms" under Question Number 19 on Schedule A/B or in the "catch-all" question identified as Question Number 53 on Schedule A/B.

25.     Official Form 107, *Statement of Financial Affairs for Individuals Filing for Bankruptcy*, Question Number 9 requires a debtor to disclose any lawsuit, court action, or administrative proceeding in which debtor was a party in the one-year period prior to the Bankruptcy Filing.

26.     Defendant failed to disclose that he was a party to a divorce proceeding pending and actively being litigated in Sangamon County Circuit Court identified as Case Number 2015-D-9.

27.     Official Form 107, *Statement of Financial Affairs for Individuals Filing for Bankruptcy*, Question Number 18 requires a debtor to disclose or advise whether debtor:

> Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?

28.     Defendant failed to disclose that he had transferred his personal residence located at 2812 Pat Tillman Drive, Springfield, Illinois to Rick Schmidt in the Spring of 2019.

## COUNT I - FALSE OATH IN SIGNING HIS SCHEDULES
## 11 U.S.C. § 727(a)(4)(A)

29.     The U.S. Trustee re-alleges and incorporates herein the allegations contained in

paragraphs 1 - 24 as though fully set forth herein.

30. Section 727(a)(4)(A) provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently made a false oath.

31. Defendant knowingly and fraudulently made a false oath when then he signed his schedules and related pleadings, and, in particular, his Schedule A/B under oath and subject to the penalties for perjury, in failing to disclose all of his personal property as set forth above.

WHEREFORE, the U.S. Trustee respectfully asks the Court to deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) of the United States Bankruptcy Code, and for such other relief as is just.

## COUNT II - FALSE OATH IN SIGNING HIS STATEMENT OF FINANCIAL AFFAIRS
## 11 U.S.C. § 727(a)(4)(A)

32. The U.S. Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 – 11 and 25 – 28 as though fully set forth herein.

33. Section 727(a)(4)(A) provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently made a false oath.

34. Defendant knowingly and fraudulently made a false oath when then he signed his Statement of Financial Affairs for Individuals Filing for Bankruptcy under oath and subject to the penalties for perjury, in failing to disclose the pending divorce lawsuit as well as the transfer of his personal residence as set forth above.

WHEREFORE, the U.S. Trustee respectfully asks the Court to deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) of the United States Bankruptcy Code, and for such other relief as is just.

Dated: June 22, 2020

                                                          Respectfully Submitted,

                                                          NANCY J. GARGULA,
                                                          United States Trustee

                                                          */s/ Mark D. Skaggs*

                                                          Mark D. Skaggs,
                                                          Trial Attorney

Mark D. Skaggs, ARDC No.: 6210087
James A. Salinas
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, IL 61602
Phone: (309) 671-7854, ext. 226
Email: Mark.D.Skaggs@usdoj.gov